PAGE. The BLANCHE. See Cases Nos. 1,- 1,523–1,525.

PAGE. The BLANCHE. See Case No. 7,296.

PAGE, The C. E. See Case No. 13,540.

## Case No. 10,670.

### Ex parte PAGET.

[1 Pa. Law J. (1842) 367.]

### District Court, D. Pennsylvania.

**BANKRUPTCY — WHO MAY BE DECREED A BANKRUPT—OBJECTIONS TO DISCHARGE.**

Any person who comes within the class of persons mentioned in the first section of the bankrupt act [of 1841 (5 Stat. 440)].—that is to say, any person owing debts not created in consequence of defalcation as a public officer. or as executor. administrator, guardian, or trustee, or while acting in any other fiduciary capacity,—may, on his own application be decreed a bankrupt, at all events. If he have made preferences in contemplation of bankruptcy, &c. concealed his property, or done or committed any other act in contravention of the second or fourth sections of the law, such matter is to be opposed to his final discharge, and not to the decree of bankruptcy.

Paget having filed his petition in ordinary form, to be decreed a bankrupt, &c. the application was resisted on the grounds, that he had fraudulently concealed· his property, made preferences in contemplation of bankruptcy, confessed fraudulent and fictitious judgments, and done other acts which would prevent his having the benefit of the law. The question was, at what time these objections ought to be interposed; whether before the time for a decree of bankruptcy or afterwards, and in bar of the final discharge.

RANDALL, District Judge, decided, that as by the second and fourth sections these matters were made a bar to a final discharge and certificate, they ought to be interposed after the decree of bankruptcy; and that although this decree would divest the petitioner of all his property, and vest it in an assignee appointed by the court, for the benefit of all

his creditors equally, yet that (if the facts alleged were proved) the petitioner would be debarred of his discharge: In other words, that the petitioner would be subjected to the penalties of the act, but not have any of its benefits.

This case was decided some time ago; but Judge Randall's opinion having been lent to a friend, by whom it was mislaid, the reporter has been unable, till now, to report the case.